# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIS INSURANCE SERVICES OF CALIFORNIA, INC., <br><br> Plaintiff, <br><br> vs. <br><br> RELIGIOUS INSTITUTIONS INSURANCE ALLIANCE, INC., et al., <br><br> Defendant. | CASE NO. 06-CV-0001 H (POR) <br><br> ORDER REOPENING CASE AND DENYING MOTION TO RECONSIDER DISMISSAL WITHOUT PREJUDICE |

On June 8, 2007, Religious Institutions Insurance Alliance, Inc. ("RIIA") filed a motion to voluntarily dismiss its claims against Willis Insurance Services of California ("Willis") without prejudice. (Doc. No. 58.) Following notice that Willis would oppose the dismissal without prejudice, the Court delayed until June 20, 2007 before granting RIIA's motion. (Doc. No. 59.) Willis did not file a response in opposition to the motion to dismiss until July 23, 2007. (Doc. No. 61.) RIIA filed a reply in support of its motion to dismiss on August 21, 2007. (Doc. No. 65.)

On July 23, 2007, Willis filed a motion for reconsideration and/or to correct clerical error. (Doc. No. 63.) In the motion, Willis requests that the Court reopen the case as to its complaint and its third party complaint and that the Court reconsider its dismissal of RIIA's claims without prejudice. RIIA filed a response to Willis' motion

on August 21, 2007.  (Doc. No. 64.)

As to Willis' complaint and third party complaint, the Court **GRANTS** Willis' motion and **REOPENS** the case as to those pleadings.  The deadlines set forth in the Court's November 8, 2006 scheduling order shall remain unchanged.  (Doc. No. 34.)

As to RIIA's complaint, the Court declines to reconsider its dismissal without prejudice.  Federal Rule of Civil Procedure 41(a)(2) allows a plaintiff, pursuant to an order of the court, and subject to the terms and conditions the court deems proper, to dismiss an action without prejudice. Courts have discretion whether to allow dismissal without prejudice.  See, e.g., Hamilton v. Firestone Tire & Rubber Co., 679 F.2d 143, 145 (9th Cir. 1982).  Courts generally allow dismissal without prejudice unless defendant will suffer some "plain legal prejudice" as a result of the dismissal.  Id.; see also, Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 16:345 (Rutter Group 2007).  "[T]he threat of future litigation which causes uncertainty is insufficient to establish plain legal prejudice."  Westlands Water Dist. v. United States, 100 F.3d 94, 96 (9th Cir. 1996).  Similarly, inconvenience of defending another lawsuit or the fact that the defendant has already expended time and resources in preparation for trial are insufficient to show plain legal prejudice.  See In re Lowenschuss, 67 F.3d 1394, 1400-01 (9th Cir. 1995).

Initially, the Court notes that Willis had ample opportunity to oppose RIIA's motion before the Court's ruling.  Nevertheless, taking into consideration Willis' arguments, it cannot show that it will suffer plain legal prejudice by dismissal of RIIA's complaint without prejudice.  First, Willis contends that RIIA may refile its suit at a future time.  Threat of future litigation, however, does not establish legal prejudice.  Further, RIIA represents in its papers that it is not contemplating filing suit and that it would be willing to agree to a covenant not to sue.  Second, Willis argues that it has expended considerable time and resources in defending against RIIA's claims.  These factors alone, however, are insufficient to establish legal prejudice.  Additionally, because the Court has reopened the case as to Willis' other pleadings, any efforts and

1 | resources expended by Willis will be relevant to its pending claims against RIIA.
2 | Accordingly, the Court declines to award any costs or fees to Willis related to the
3 | dismissal without prejudice of RIIA's claims.
4 |     IT IS SO ORDERED.
5 | DATED:  August 24, 2007

*[signature: Marilyn L. Huff]*
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:
All parties of record.